### 5087. CRONIN *v.* THE STATE.

HILL, C. J. 1. On the trial of an indictment containing two counts, the first charging the accused with the offense of selling intoxicating liquors, and the second with keeping intoxicating liquors on hand at his place of business, where the defense relied upon was that he kept the liquors at a social club and furnished them to members thereof, and had paid to the State the license tax of $500, the following excerpt from the charge of the court is not only not erroneous, but clearly states the law applicable to that issue: "I charge you that that statute [referring to the tax act of 1909 as to clubs—Civil Code, § 933] does not permit any club, organization, or association to sell or barter for a valuable consideration alcoholic, spirituous, or intoxicating liquors. That statute does permit an organization or club, or an association, either as an entity, as a corporation, or as a body of men, or as individuals, to keep on hand at the place selected by them, for the use of the members, alcoholic, spirituous, or intoxicating liquors, upon the payment of the license tax required by the General Assembly. But I charge you that the liquor so kept on hand for such club, organization, or association must belong to the club, association, or organization, either as a body, or to the individual members composing such club, association, or organization; and it is a violation of the law for such club, association, or organization, or any individual member thereof, to sell or barter for a valuable consideration alcoholic, spirituous, or intoxicating liquors." *Union & Mechanics Club* v. *Atlanta,* 136 *Ga.* 721 (71 S. E. 1060).

2. The instructions objected to, when considered in connection with the entire charge of the court, are without material error.

3. The evidence demanded a conviction on both counts of the indictment. The general verdict of guilty was therefore proper, and if any error of law was committed, it was wholly immaterial. *Judgment affirmed.*

DECIDED OCTOBER 28, 1913.

Accusation of sale of liquor; from city court of Macon—Judge Hodges. June 21, 1913.

*John R. Cooper,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.